## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LOFT HOLDINGS, LLC

    Plaintiff,

-vs-

USC 28 N SAGINAW, LLC,
URBAN STANDARD MANAGER, LP,
and
URBAN STANDARD CAPITAL, LLC
d/b/a URBAN STANDARD CAPITAL
d/b/a USC,

    Collectively, Defendants.

Case No: 23-cv-12904
Hon. Jonathan J.C. Grey

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Loft Holdings, LLC (hereinafter, "Plaintiff") respectfully requests that this Honorable Court DENY Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for the reasons stated in the accompanying Brief in Support.

Accordingly, Plaintiff respectfully requests that this Honorable Court enter an order DENYING Defendants' Motion to Dismiss, allowing this case to proceed on its merits, and provide any other relief this Court deems appropriate.

HANNA & JARBO, PLLC
33717 WOODWARD AVENUE, SUITE 560, BIRMINGHAM, MICHIGAN 48009 PHONE: (248) 209-6486 FAX: (202) 478-5005 WWW.HANNAJARBO.COM

HANNA & JARBO, PLLC
33717 WOODWARD AVENUE, SUITE 560, BIRMINGHAM, MICHIGAN 48009 PHONE: (248) 209-6486 FAX: (202) 478-5005 WWW.HANNAJARBO.COM

                                          Respectfully submitted,

                                          ***/s/ Dalen P. Hanna***
                                          HANNA & JARBO, PLLC
                                          Dalen P. Hanna (P81533)
                                          Attorney for Plaintiff
                                          33717 Woodward Ave., No. 560
                                          Birmingham, Michigan 48009
                                          contact@hannajarbo.com
                                          (248) 209-6486

December 26, 2023

# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LOFT HOLDINGS, LLC

    Plaintiff,

-vs-

USC 28 N SAGINAW, LLC,
URBAN STANDARD MANAGER, LP,
and
URBAN STANDARD CAPITAL, LLC
d/b/a URBAN STANDARD CAPITAL
d/b/a USC,

    Collectively, Defendants.

Case No: 23-cv-12904
Hon. Jonathan J.C. Grey

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................2

STATEMENT OF ISSUES PRESENTED ..............................................................3

INDEX OF AUTHORITIES ............................................................................4

INDEX OF EXHIBITS ..................................................................................5

INTRODUCTION .......................................................................................6

ARGUMENT .............................................................................................7

    **I.**    **This Court Has Personal Jurisdiction Over Defendants**....................7

        **A. Specific Jurisdiction Exists in this Case**..........................................8

            **i.**    **Defendants Purposefully Availed Themselves in the Forum State of Michigan** ................................................................10

            **ii.**   **The Cause of Action in this Case Arose from Defendants' Activities in Connection with Michigan**............................11

            **iii.**  **Defendants' Actions Have a Substantial Connection with Michigan** ........................................................................12

            **iv.**  **The Exercise of Personal Jurisdiction Comports with Fair Play and Substantial Justice** ...............................................12

CONCLUSION/PRAYER FOR RELIEF ................................................................14

HANNA & JARBO, PLLC
33717 WOODWARD AVENUE, SUITE 560, BIRMINGHAM, MICHIGAN 48009 PHONE: (248) 209-6486 FAX: (202) 478-5005 WWW.HANNAJARBO.COM

## STATEMENT OF ISSUES PRESENTED

Do the Defendants have sufficient "minimum contacts" with the State of Michigan such that this Court may exercise personal jurisdiction over the non-resident Defendants consistent with the Due Process Clause of the United States Constitution?

HANNA & JARBO, PLLC
33717 WOODWARD AVENUE, SUITE 560, BIRMINGHAM, MICHIGAN 48009 PHONE: (248) 209-6486 FAX: (202) 478-5005 WWW.HANNAJARBO.COM

# INDEX OF AUTHORITIES

**Cases**

*Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988); *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974)) ........................................... 8

*Green v. Wilson*, 455 Mich. 342, 348, 565 N.W.2d 813, 815 (1997) ..................... 9

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ....................................... 10

*Jeffrey v. Rapid American Corp.*, 448 Mich. 178, 184-186, 529 N.W.2d 644 (1995) ................................................................................................................................ 10

Kulko v. Superior Court of California, 436 U.S. 84, 91 (1978) .............................. 10

*Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 907 (6th Cir. 1988) .................... 9

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) ........... 10

*Oberlies v. Searchmont Resort, Inc.*, 246 Mich. App. 424, 430 (2001) ................... 9

*Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ............................... 8

*Shaffer v. Heitner*, 433 U.S. 186, 204 (1977) ......................................................... 10

*W.H. Froh, Inc. v. Domanski*, 252 Mich. App. 220, 226, 651 N.W.2d 470, 475 (2002) ........................................................................................................................ 8

*Yoost v. Caspari*, 295 Mich. App. 209, 221 (2012) ........................................... 8,9

**Statutes**

MCL 600.715 ....................................................................................................... 9,10

# **INDEX OF EXHIBITS**

**EXHIBIT A**—Affidavit of Dalen P. Hanna, Representative of Plaintiff Loft Holdings, LLC

**EXHIBIT B**—Term Sheet

**EXHIBIT C**—First American Title Commitment

**EXHIBIT D**—Email Chain with CBRE and Defendants for Appraisal Contract

**EXHIBIT E**—Email Requesting Certification in Lenders/Defendants' Name

**EXHIBIT F**—Environmental Report Between Structure & Site Inspection Services, LLC and Defendants

**EXHIBIT G**—Email of Defendants Acquiring Insurance Policy Quote

## **INTRODUCTION**

Plaintiff is an entity which owns a commercial property in Pontiac, Michigan (hereinafter, the "Property"). Plaintiff used the services of a third-party loan broker to help raise construction debt for the Property. The broker published a notice within its network of lenders that Plaintiff was seeking a construction loan for the purpose of redeveloping the Property into a mixed-use residential and commercial development property. In response to the notice, Defendant Urban Standard Capital, LLC, Defendant Urban Standard Manager, LP, and/or Defendant USC 28 N Saginaw, LLC (collectively, "Defendants") reached out and proposed an offer to finance the construction loan (hereinafter, the "Loan") Plaintiff was seeking.

In good faith and in an effort to close on the Loan, Plaintiff paid Defendants a $50,000 good faith deposit upon execution of the Loan Term Sheet (hereinafter, the "Term Sheet"). The Loan was not closed upon due to Defendants amending numerous material terms in the Term Sheet at the eleventh hour. Specifically, in their Motion to Dismiss, Defendant's claim, "The loan never closed as [Plaintiff] was unable to raise the capital funds required of it in the Loan Term Sheet." This is wholly untrue and is at the crux of the issue. The Loan Term Sheet referenced specifically required no money due at closing, and that material point was the primary reason that Plaintiff proceeded with the Defendant as their lender.

Upon Defendant's failure to close (as a result of requiring Plaintiff to bring over $1.8m to closing only two days prior to the scheduled closing), Plaintiff

6

rationally and rightfully requested a prompt refund of the $50,000 deposit, or whatever reasonably remained from such monies. Defendants then claimed to have spent all but approximately $11,000 of the $50,000 good faith deposit.

Unable to resolve this matter with Defendants, Plaintiff filed this action in the Oakland County Circuit Court due to the substantial actions Defendants took in the State of Michigan, including, but not limited to, 1) offering Plaintiff—a Michigan Limited Liability Company—a construction loan, 2) offering the loan for the construction of a Property located in Oakland County, 3) offering the loan in which a mortgage would be recorded in the State of Michigan, and 4) physically and personally visiting the State of Michigan (and the property) and in doing so, acknowledging that any and all actions pertaining to this transaction involve *only* the State of Michigan and no other state.

## ARGUMENT

Defendants' motion to dismiss should be denied because this Honorable Court has personal jurisdiction over the Defendants. While the Defendants are not "at home" in Michigan, Michigan law has carved out exceptions in which the Court may exercise jurisdiction over nonresident defendants without offending the Due Process Clause of the U.S. Constitution, such as when the Defendants have substantive contacts with the forum state. Dismissal of this case would result in unduly prejudice against Plaintiff based on the fact that all acts which involve this case and controversy occurred in Michigan. In fact, Plaintiff never directly solicited

7

<u>Defendants' services</u>. Plaintiff utilized a nationally-recognized loan broker to advertise Plaintiff's need for a construction loan and <u>Defendants reached out to Plaintiff's broker</u> after evaluating the advertisement and understanding that the Plaintiff is located in Michigan and that the loan would be utilized solely in Michigan.

### I. This Court Has Personal Jurisdiction Over Defendants

The plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988); *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974)). When the motion is supported by properly documented factual assertions, the plaintiff "may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has [personal] jurisdiction." *Id.* To succeed against a pretrial motion to dismiss for lack of personal jurisdiction, a plaintiff need only make a prima facie showing. *Yoost v. Caspari*, 295 Mich. App. 209, 221 (2012).

### A. Michigan Has Specific Personal Jurisdiction over the Defendants

A personal jurisdiction analysis involves a two-prong inquiry: "(1) do the defendant's acts fall within the applicable long-arm statute, and (2) does the exercise of jurisdiction over the defendant comport with the requirements of due process." *W.H. Froh, Inc. v. Domanski*, 252 Mich. App. 220, 226, 651 N.W.2d 470, 475

8

(2002). Both prongs must be satisfied for a Michigan court to exercise limited jurisdiction. *Yoost*, 295 Mich. App. at 222.

"Long-arm statutes establish the nature, character, and types of contacts that must exist for purposes of exercising personal jurisdiction. Due process, on the other hand, restricts permissible long-arm jurisdiction by defining the quality of contacts necessary to justify personal jurisdiction under the constitution." *Green v. Wilson*, 455 Mich. 342, 348, 565 N.W.2d 813, 815 (1997). MCL 600.715 governs Michigan's long-arm statute for corporations and states, in part, that:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships: (1) **The transaction of any business within the state.**

The Michigan Court of Appeals has stated that "transaction of any business" is broadly interpreted, stating that "use of the word 'any' to define the amount of business that must be transacted establishes that even the slightest transaction is sufficient to bring a corporation within Michigan's long-arm jurisdiction." *Oberlies v. Searchmont Resort, Inc.*, 246 Mich. App. 424, 430 (2001). Further, the Sixth Circuit has stated that "[n]either the presence of the defendant in the state, nor actual contract formation need take place in the forum state for defendant to do business in that state." *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 907 (6th Cir. 1988).

9

Defendants' acts fall within Michigan's long-arm statute as defined in MCL 600.715(1). Defendants in this case sought to grant Plaintiff a construction loan for the redevelopment of a Property in Pontiac, Michigan. **EXHIBIT A**. Defendants reached out to Plaintiff's broker and created a *soft quote* at the time to offer Plaintiff. Once Plaintiff accepted Defendants' offer to conduct business with Defendants, Defendants continued to engage in business transactions with Plaintiff in Michigan. Defendants negotiated and executed the Term Sheet with Plaintiff for the Michigan Property. **EXHIBIT B**. The entirety of this transaction **only** has to do with Michigan, and there are no other states in which one can argue that the actions which gave rise to any controversies occurred there.

The second prong of the specific jurisdiction requirements is compliance with the Due Process Clause of the United States Constitution. Due process limits the power of a state court to render a valid judgment against a nonresident defendant. *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977); Kulko v. Superior Court of California, 436 U.S. 84, 91 (1978). The Due Process Clause requires both (1) adequate notice that a suit has been brought, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950), and (2) that "minimum contacts" exist between the state and the defendant, *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Minimum contacts are required so as to not offend the traditional notions of fair play and substantial justice. *Id.* The Michigan Supreme Court in *Jeffrey v. Rapid*

10

*American Corp.* applied a three-part test for determining if exercising limited personal jurisdiction comports with due process:

> (1) The defendant must purposefully avail himself of the privilege of acting in the forum state; (2) The cause of action must arise from the defendant's activities in the forum state; and (3) The defendant's acts must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable.

In this case, Plaintiff can easily show that it satisfies all three parts of the *Jeffrey* test.

### i. Defendants Purposefully Availed Themselves in the Forum State of Michigan

"It is unfair to the plaintiff to allow a nonresident corporation to escape jurisdiction for injuries directly resulting from its purposeful availment of forum-based business opportunities." *Id.* at 189.

Defendants purposely availed themselves when it reached out to Plaintiff's broker (Plaintiff's agent) and provided Plaintiff a detailed quote and proposal for a construction loan. Plaintiff's broker placed a generic advertisement sent across a long list of tens of banks and loan institutions. ***It was Defendants who reached out to engage in business with Plaintiff*** to grant the Loan. Defendants clearly invoked the benefits and protection of Michigan law, because had there been a breach on Plaintiff's part, then Defendants would surely want recourse to sue Plaintiff in Michigan for remedies involving the Property located in Michigan. Had Plaintiff breached the loan agreements, Defendants would not be filing any sort of lawsuit, liens, or foreclosure actions in any state besides Michigan based on the fact that the

11

Property in and of itself lies in Michigan. Causes of action surrounding the Property and the transactions surrounding this case in general only involve Michigan.

It would be unfair to allow Defendant to reap business opportunities in the state of Michigan without protections in Michigan for Plaintiff.

### ii. The Cause of Action in this Case Arose from Defendants' Activities in Connection with Michigan

Second, the cause of action arises out of and attempt to enforce Defendant's own Term Sheet and for the return of the Plaintiff's good faith deposit, or a substantial part thereof. Defendants contracted with a Michigan Company, located in Oakland County, Michigan, in order to loan the funds needed to redevelop the Property located in Michigan. Defendants, namely the principal and other high-level associates, *personally* flew out to Michigan to further examine the Property *mere days* prior to the closing. Defendants then directly caused the failure to close by changing substantially material terms of their own Term Sheet.[1] The cause of action (i.e. conversion of the good faith deposit) did not occur in any other state besides Michigan.

In addition to their dealings with Plaintiff, Defendants had contracted with several other service providers, **all Michigan entities with their offices in the State**.

---

[1] Ultimately, Plaintiff was able to close on another loan with a different lender. That loan was on substantially similar terms to those within Defendant's Term Sheet. The new loan was closed for a larger sum, and a lower interest rate - all of these facts illustrate that the eleventh-hour change of terms (i.e. requiring more than $1.8m to close) were not necessary or ordinary for this loan.

12

(a) Defendants first **hired Frist American Title Company located in Bloomfield Hills, Michigan**; a Michigan title insurance provider to obtain an ALTA title insurance, several title endorsements, and to manage to construction draw process once the contemplated loan had closed. **EXHIBIT C**.

(b) Defendants then **hired CBRE of Southfield, Michigan**, a real estate services firm, to prepare an extensive appraisal report of the Property. CBRE then sent out a licensed appraiser, who at that point was acting as the Defendants' agent and at Defendants' direction. **EXHIBIT D**.

(c) Defendants then **hired Kem-Tec Land Surveyors of East Point, Michigan**, a civil engineering firm, to certify a land survey in the Defendant's name. Similarly, Kem-Tec then sent out a licensed civil engineer, who at that point was also acting as the Defendants' agent and at Defendants' direction to the property to prepare the certified land survey. **EXHIBIT E**.

(d) Defendants then **hired Structure & Site Inspection Services, LLC of Beverly Hills, Michigan**, a property inspection services firm, to inspect the Property and certify a Phase I Environmental Report in the Defendant's name. Similarly, Structure & Site then sent out a licensed Environmental Inspector, who at that point was also acting as the Defendants' agent and at Defendants' direction to prepare the Environmental report. **EXHIBIT F**

13

(e) Defendants then **hired Benchmark Financial, LTD of Bingham Farms, Michigan**, a property insurance brokerage firm, to tailor a property insurance policy, which included property, liability, and builder's risk coverage for the Property, naming Defendants as additional insured parties. **EXHIBIT G**.

(f) Lastly, and throughout this entire process, Defendants were **negotiating the terms of the General Contracting agreement with Blackacre Management, LLC, of Birmingham, Michigan**. Blackacre Management was going to be a party to the anticipated Loan as a guarantor for the completion of the project.

### iii. Defendants' Actions Have a Substantial Connection with Michigan

Third, Defendant's activities are substantially connected with Michigan, making jurisdiction over the Defendant reasonable because the physical location of the Property is in Michigan. <u>Defendants visited Michigan to visit the Property</u>, which is the center of all business transactions in this case. Defendants were working with Plaintiff, a Michigan company, to accomplish the redevelopment by potentially granting a Loan.

### iv. The Exercise of Personal Jurisdiction Comports with Fair Play and Substantial Justice

Once the threshold requirement of minimum contacts is satisfied, a court must still consider whether the exercise of personal jurisdiction comports with fair play

14

and substantial justice. *Id.* In turn, several factors are relevant to this inquiry as well. Factors that are weighed in such cases include "the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies." *Id.* These factors may serve to establish the reasonableness of jurisdiction on a lesser showing of minimum contacts. *Id.* "To defeat jurisdiction, a defendant who has purposefully directed its activities at forum residents must present a compelling case that the presence of some other considerations render jurisdiction unreasonable."

Here, there is nothing to suggest that Michigan courts are not interested in adjudicating disputes by and between Michigan Property owners, and their prospective lenders; regardless of where such lenders receive their mail. Further, the burden of the Defendants is not so great as Defendants invited Plaintiff to conduct business on a Michigan Property. Defendants sought Plaintiff's business knowing fully that Plaintiff is a Michigan company and the Property it was interested in financing is a property located in Michigan. Further, relief related to the cause of action in this case is only appropriate in Michigan, as **the Property is located here**. Therefore, personal jurisdiction has been established and the notions of fair play and substantial justice have not been soured.

15

Defendants have failed to show that any considerations opposing these factors in order to render jurisdiction unreasonable in Michigan. Defendants should not have the opportunity to enter Michigan's real estate market and aggressively offer high-interest loans for Michigan properties without any sort of reprimand in the state in which they seek to benefit from, financially. Defendants purposefully availed themselves of the privilege of conducting business in Michigan, both with the Plaintiff as well as several other local firms, with the intent of recording a mortgage in the Register of Deeds of Oakland County, the causes of action arose from Defendant's activities within Michigan, and Defendants have a substantial enough connection with Michigan to make the exercise of jurisdiction reasonable.

## CONCLUSION/PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this honorable court DENY Defendants' Motion to Dismiss and grant Plaintiff any relief this Honorable Court deems necessary and appropriate.

    Respectfully submitted,

*/s/ Dalen P. Hanna*
Dalen P. Hanna (P81533)
Hanna & Jarbo, PLLC
33717 Woodward Ave., Suite 560
Birmingham, Michigan 48009
(248) 209-6486
contact@hannajarbo.com

December 26, 2023

16

## CERTIFICATION OF WORD COUNT

Undersigned counsel certifies that he has relied upon the word count function of Microsoft Word to verify that the above brief contains 3,327 countable words.

December 26, 2023

*/s/ Dalen P. Hanna*
Dalen P. Hanna (P81533)
Hanna & Jarbo, PLLC

## CERTIFICATE OF SERVICE

NOW COMES Dalen Patrick Hanna and states that on December 26, 2023, the enclosed, titled Plaintiff's Response to Defendants' Motion to Dismiss was e-filed and served to all parties and counsel of record using the Court's e-filing system.

Respectfully submitted,

**HANNA & JARBO, PLLC**

*/s/ Dalen P. Hanna*
Dalen P. Hanna (P81533)
33717 Woodward Ave., Suite 560
Birmingham, Michigan 48009
(248) 209-6486
Attorney for Plaintiff

December 26, 2023